UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                                   :

HELICON PARTNER, LLC,                               :

                Plaintiff                                   :

- against-                                                              :               Adversary Proceeding No.
                                                                        :                    12-01602-SMB

KIM'S PROVISION CO., INC.; WON HO KIM;     :
KI KIM; JANE AND JOHN DOES 1-10            :

                                                                        :

                Defendants                           :

                                                                        :
-------------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY NGF, INC.'S EMERGENCY
MOTION TO VACATE OR MODIFY AN ORDER OF ATTACHMENT




Duane Morris LLP
1540 Broadway
New York, New York 10036-4086
Phone: (212) 692-1000

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................... 2

FACTUAL BACKGROUND...................................................................... 3

ARGUMENT............................................................................................. 7

    I.      The attachment of NGF's Bank Account was Wrongful and the Order of Attachment Should be Modified or Vacated Immediately............................ 7

    II.     In Violation of CPLR 6210 et seq., not Only has Plaintiff Wrongfully Attached NGF Warner's Bank Account, but the Wrongfully Attached Funds Have Been Transferred from the Bank Account of NGF to the Bank Account of Kim's Provisions, in Violation of the Order of Attachment....... 10

    III.    NGF has Suffered Loss of Business and Business Reputation and Been Forced to Incur Significant Legal Fees as a Result of the Wrongful Attachment of Its Bank Account................................................................ 11

CONCLUSION........................................................................................... 12

## TABLE OF AUTHORITIES

CASES

DS Bulk PTE Ltd. v. Calder Seacarrier Corp.,
    2006 U.S. Dist Lexis 39242 (S.D.N.Y. June 13, 2006)..................... 9

Glassman v. Glassman,
    19 A.D.2d 801, 801-02 (1st Dep't 1963).................... 8

Mars Electronics of N.Y., Inc. v. U.S.A. Direct, Inc.,
    28 F. Supp. 2d 91, 97 (E.D.N.Y. 1988)..................... 8

Packer v. Caesars World, Inc.,
    54 A.D.2d 676, 387 N.Y.S.2d 851, 852 (1st Dep't 1976).................... 8

Scotline Inc. v. Japonica Enters. Co.,
    2009 U.S. Dist. Lexis 67962 (S.D.N.Y. Aug. 3, 2009)..................... 9

T&O Shipping, Ltd. v. Source Link Co.,
    2006 U.S. Dist. Lexis 88153 (S.D.N.Y. 2006)............................. 10

Zenith Bathing Pavilion, Inc. v. Fair Oaks S.S. Corp.,
    240 N.Y. 307, 312 (1925)..................... 8

STATUTES

CPLR 5201..................... 7

CPLR 6202..................... 7

CPLR 6212..................... 10

Petitioner NGF, Inc. d/b/a NGF Warner Co. ("NGF") respectfully submits this memorandum of law and the accompanying declaration of T. Steven Har in support of its Emergency Motion to Vacate or Modify the Order of Attachment issued by the Supreme Court of the State of New York, New York County, on April 27, 2012.

PRELIMINARY STATEMENT

NGF, a New York corporation, has been unwittingly caught in a dispute between the parties to this action – even though NGF is not in privity with Plaintiff, and is neither an affiliate of, nor related party to, Defendants. Despite having no part in this dispute, or relation to any of the parties, NGF's bank account has been frozen, its assets have been removed from that account, and it has been forced to retain counsel to seek redress as a result of a Court Order issued in this action. NGF thus files this emergency motion asking that the Court immediately vacate the Order of Attachment, or modify it insofar as it applies to NGF's bank account; that the Court order Signature Bank to return NGF's assets to it; and awarding damages and attorney's fees to NGF to compensate it for injuries suffered as a result of the wrongful and improper attachment of its bank account.

On April 27, 2012, before this Action was removed to this Court, the Supreme Court of New York, New York County, issued an Order of Attachment against Defendants and their assets. The Order of Attachment included a list of bank accounts that included NGF's bank account – even though Plaintiffs had not demonstrated that NGF was an alter ego, or even an affiliate, of Kim's Provisions. NGF was not served with the Application for an Order of Attachment, the Complaint, or the subsequent Order of Attachment.

The Order of Attachment, insofar as it concerns NGF, appears to based only on the incorrect and unsubstantiated "observation" of Plaintiff that Kim's Provisions was "utilizing" NGF's bank account. That observation is not a permissible basis for attaching assets. The CPLR

does not provide attachment on that basis. New York case law establishes that a showing sufficient to support veil-piercing is required to attach assets of an affiliate non-party – and does not permit attachment of assets of unrelated, non-party entities (except as against debts owed to a Defendant, which are not at issue here, and in any case do not exist as between NGF and Defendants). Moreover, assets cannot be attached on the basis of mere assertions without concrete supporting facts – none of which were alleged, demonstrated, or even exist in this case. Thus the attachment of NGF's bank account is wrongful and improper and should be reversed immediately.

Making things worse, upon being served with the Order of Attachment, Signature Bank apparently transferred funds *out of NGF's account and into an account held by Kim's Provisions*. This was in violation of the order, as well as its obligations to NGF, which is not related to Kim's Provisions. Thus the Court should order Signature Bank to return NGF's assets to its bank account immediately.

Finally, as a result of the attachment, asset freeze and subsequent transfer, NGF's checks to its own suppliers bounced. NGF is still without access to its bank account or the assets therein. These events have interrupted NGF's business and it is suffering damages and losses on a daily basis. In addition to these losses, NGF has been compelled to retain counsel to seek this Court's assistance in vacating or modifying the wrongful order of attachment and subsequent transfer. For this reason, NGF also seeks an award of damages for the injuries it has suffered as a direct result of the wrongful attachment of its bank account.

FACTUAL BACKGROUND

NGF, Inc.

Petitioner NGF, Inc. d/b/a NGF Warner Co. ("NGF") is a New York corporation. Eunjeong Lee is NFG's president and sole owner.

3

Neither NGF nor Ms. Lee is a party to this action  Neither NGF nor Ms. Lee is an affiliate, subsidiary, related party, alter ego, or owner, or has any other relationship with of any of the parties to the Actions.  Har Decl. Ex. 4-A, ¶¶ 4-6, Ex. 6, Lee Aff. ¶¶ 4-6, 14-15, 17.

Plaintiff's Motion for an Order of Attachment

On or about April 26, 2012, Plaintiff made an Ex Parte Application Order of Attachment (the "Application for Order of Attachment") to the Supreme Court for the State of New York, County of New York in the matter Helicon Partners, LLC v. Kim's Provision Co., Inc.; Won Ho Kim; Ki Kim; Jane and John Does 1-10, Index No. 650499/2012.  Har Decl. Ex. 1.  By its Application for Order of Attachment, Plaintiff sought relief as against the Kims and Kim's Provision alleging that the Kims and Kim's Provisions had engaged in a scheme to "liquidate, wrongfully transfer and otherwise deprive plaintiff of its security interest in the assets of defendant Kim's Provisions." Id., Mack Aff. ¶ 3.  In addition to the Mack Affirmation, Plaintiff submitted an Affirmation of Edward Farbenblum in Support of Plaintiff's Motion Pursuant to C.P.L.R. § 6210, *et seq.* for the Issuance of an Order of Attachment *Ex Parte* ("Farbenblum Affirmation") (along with a Proposed Order).  Har Decl. Ex. 1.  We understand that Plaintiff filed the Verified First Amended Complaint at the same time.  Har Decl. Ex. 2.

NGF was not named as a party to the Action in the Verified First Amended Complaint. Cf. Id.  NGF is not an affiliated with or related to any party to the action.  Har Decl. Ex. 4-A ¶¶ 4-6, Ex. 6, Lee Aff. ¶¶ 4-6, 15, 17.  NGF received no notice of Plaintiff's Motion for an Order of Attachment; and was not served with the Motion or any of the supporting documents.  Har Decl. Ex. 4.  Plaintiff did not otherwise notify NGF that it sought to attach NGF's bank account.  Id.

Plaintiff's Application for an Order of Attachment does not mention NGF.  Cf. Har Decl. Ex. 1.  It also does not allege that Plaintiff has control, ownership, or use of NGF for any purpose

– legitimate or otherwise. Cf. Id. NGF also is not mentioned in the Complaint. Cf. Har Decl. Ex. 2. Rather, the sole mention of NGF, anywhere in Plaintiff's Motion for an Order of Attachment and supporting papers, is in a single sentence in which Mr. Farbenblum, identified in his affirmation as a member of Helicon Partners, LLC, states that, based on some unspecified "observations," "it appears that Kim and Kim's Provisions are utilizing bank accounts in the name of the affiliated companies, Warner International, NGF Warner Meat Co., and Warner Meat." See Har Decl. Ex. 1, Farbenblum Aff ¶ 24.

Neither the Farber Affirmation nor any other document in Plaintiff's moving papers offers any description or substantiation of Mr. Farbenblum's "observation" concerning NGF Warner Meat Co. (nor could they). Cf. Har Decl. Exs. 1, 2. Contrary to Mr. Farbenblum's "observation," NGF Warner Meat Co. is not affiliated in any way with the Kims, Kim's Provisions, or any other Kim-related entity. Har Decl. Ex. 4-A ¶¶ 4-6; Har Decl. Ex. 6, Lee Aff. ¶¶ 4-6, 14-15, 17.

On April 27, 2012, the State Court issued an Order of Attachment, Har. Decl. Ex. 3, and on May 4, 2012, Plaintiff removed its action to this Court.

The Order of Attachment

The State Court's Order of Attachment (the "Order of Attachment"), mandates, *inter alia*, that

> [T]he Sheriff of the City of New York, or the Sheriff of any County of the State of New York, levy within his jurisdictions on any and all assets of Won Ho Kim, Ki Kim, Kim's Provisions Company, Inc. (d/b/a U.S. Meat), Warner International, Inc., Warner Meat, *NGF Warner Meat Co.*, SHK Holdings, Inc., SHK Equities d/b/a Battery Place Market, New Golden Gate, Inc., 152 Northern LLC, Eun Ha Soo Catering, Inc., including but not limited to all bank accounts and other tangible property, including the bank accounts, vehicles, and licenses listed on annex A [sic] hereto, for the purpose of securing and satisfying any judgment recovered by the plaintiff herein

Har Decl. Ex. 3 at 3.

Annex A to the Order of Attachment lists bank accounts including "Signature Bank – account number 50000001 : 501180188 (NGF inc. DBA NGF Warner Co.) [sic]" – NGF's bank account. Har Decl. Ex. 3 Annex A. It appears that Signature Bank was served with the Order of Attachment on Friday April 27, 2012, and NGF's account there was frozen. Har Decl. Ex. 5-A.

As noted above, NGF, was not served with a copy of the Order of Attachment. NGF also was not otherwise notified by Plaintiff of the Order of Attachment. Signature Bank did not alert NGF prior to freezing NGF's bank account – and still has not done so. Har Decl. Ex. 6, Lee Aff. ¶¶ 12-13.

Signature Bank's Implementation of the Order of Attachment

Signature Bank seems to have implemented the Order of Attachment immediately, freezing NGF's account as of April 27, 2012. Signature Bank appears to have gone a step further and, *may have violated the order freezing the accounts, by transferring funds out of NGF's account and into an account held by Kim's Provisions*. Har Decl. Ex. 5-A. As an email from Signature Bank's own counsel acknowledges, that Signature Bank had "been served with an attachment order freezing the accounts of both Kim's "Provisions and NGF" and that therefore it is "possible that [the subsequent] transfer [of funds from NGF's account to Kim's Provisions's account] should not have occurred. Id. Signature Bank has not, however, returned the funds to NGF and instead continues to hold them. See, e.g., Har Decl. Ex. 6, Lee Aff. ¶¶ 13, 19.

Effect of Account Freeze and Transfer on NGF

NGF became aware of the gravity of the situation after checks paid to its own suppliers were returned for lack of sufficient funds. Not only has NGF been denied use of the operating capital it uses to run its day to day business, its business has been interrupted and it is suffering losses and damages on a daily basis.

ARGUMENT

I.  The attachment of NGF's Bank Account was Wrongful and the Order of Attachment Should be Modified or Vacated Immediately.

The Order of Attachment attaching NGF's bank account was issued based on an incorrect and unsubstantiated statement in the Farbenblum Affirmation. Contrary to Mr. Farbenblum's speculation, NGF is not an affiliate of Kim's Provisions, and Kim's Provisions does not use, and has not used, NGF's bank account. Har Decl. Ex. 4-A ¶ 6; cf. Har Decl. Ex. 1, Farbenblum Aff. ¶ 24.

It was also issued contrary to the requirements of the CPLR and well-established case law. First, and as described in greater detail below, the CPLR provides no basis for attaching assets of unrelated non-parties to an action. Although Plaintiff alleges, by the Farbenblum Affirmation, that NGF was an "affiliate" of Kim's Provisions and that Kim's Provisions "utilized" NGF's bank account, this is not sufficient to attach NGF's assets. In order to attach the assets of a putative alter ego, a plaintiff must demonstrate that corporate veil-piercing is justified. No such showing has been made here.

In any case, and as described in greater detail below, assets may not be attached based merely on bare assertions, or assertions lacking concrete facts. For this reason alone, the State Court should not have issued the Order of Attachment with respect to NGF.[1]

For these reasons, and as set forth in greater detail below, the Order of Attachment should be vacated or modified to the extent it applies to NGF's bank account, immediately.

A.  Plaintiffs Have Improperly Attached Property in Which Defendants Have Neither Ownership nor Interest

---

[1] We take no position on the propriety of the Order of Attachment as it concerns Defendants and their assets.

7

CPLR Article 62 permits attachment of "[a]ny debt or property against which a money judgment may be enforced as provided in section 5201 is subject to attachment. The proper garnishee is the person designated in section 5201. CPLR 6202. CPLR 5201 in turn provides that a money judgment may be enforced against any debt which is past due or which is yet to become due, certainly or upon demand of the judgment debtor; and that a money judgment may be enforced against any property which could be assigned or transferred. CPLR 5201. It provides no other basis for attaching assets of a non-party, third party, or entity unrelated to a defendant in an action in which the plaintiff seeks to attach a defendant's assets pursuant to CPLR 6201.

"To sustain a warrant of attachment a case must be presented against the party whose assets are attached as if it had been sued separately." Packer v. Caesars World, Inc., 54 A.D.2d 676, 387 N.Y.S.2d 851, 852 (1st Dep't 1976). Where the record indicates that the party whose assets are attached is a separate corporation, and no showing has been made to warrant treating the party whose assets are attached as merely the alter ego of a defendant, a plaintiff fails to make the requisite showing that a third party's assets are subject to attachment.[2] Id., see also, e.g., Zenith Bathing Pavilion, Inc. v. Fair Oaks S.S. Corp., 240 N.Y. 307, 312 (1925) ("At least as to each [party whose assets the plaintiff is seeking to attach] there must be evidence that would be sufficient to sustain the warrant [of attachment] if each had been sued separately instead of all of them together."); Glassman v. Glassman, 19 A.D.2d 801, 801-02 (1st Dep't 1963) (bank accounts subject to attachment must be released unless plaintiff shows facts

---

[2] Under New York law, a plaintiff seeking to pierce the corporate veil must plead and prove both complete domination and that the domination was used to commit a fraud with respect to the transaction at issue. Mars Electronics of N.Y., Inc. v. U.S.A. Direct, Inc., 28 F. Supp. 2d 91, 97 (E.D.N.Y. 1988) citing American Fuel Corp. v. Utah Energy Dev. Co., 122 F. 3d 130 (2d Cir. 1997). These two elements were not even plead in Plaintiff's Motion for an Order of Attachment, much less proved.

8

sufficient to warrant a hearing to try title to those accounts; even where the defendant is the sole stockholder and exclusively controls corporation [whose accounts are subject to attachment], those facts are not sufficient to pierce corporate veil and treat the corporations as alter egos of the defendant.). Thus, in this case, where NGF and Ms. Lee have demonstrated at length that NGF is a separate corporation that is entirely owned and operated by Ms. Lee. Supra at 4-5; Har Decl. Ex. 4-1 ¶¶ 4-6; Har Decl. Ex. 6, Lee Aff. ¶¶ 4-6, 14-17. NGF is not an alter ego or affiliate of Defendants or any Kim Entities. Har Decl. Ex. 6, Lee Aff. ¶¶ 14-17. To the contrary, NGF is a creditor of Defendants. Id. ¶¶ 17-18; see also Har Decl. Ex. 4-1 ¶¶ 7a-c. Thus attachment of NGF's assets cannot be sustained – and should be vacated immediately.

In any case, the conclusory and entirely unfounded "observation" of Edward Farbenblum that it "appears that Kim and Kim's Provisions are utilizing bank accounts " is not a legitimate basis for attaching NGF's assets. DS Bulk PTE Ltd. v. Calder Seacarrier Corp., 2006 U.S. Dist Lexis 39242 (S.D.N.Y. June 13, 2006) (declining to issue order of attachment where carrier cited no authority for the proposition that property of a non-party to an action might have been attached on the bare assertion that the property in fact belonged to a party to the action). A plaintiff cannot attach the assets of a third party based simply on bare assertions or assertions lacking concrete facts to establish a relationship between the third party and the defendant. Scotline Inc. v. Japonica Enters. Co., 2009 U.S. Dist. Lexis 67962 (S.D.N.Y. Aug. 3, 2009)(rejecting plaintiff's attempt to attach third party's assets where plaintiff merely advanced assertions without concrete facts that a relationship existed between the third party and defendants and "cite[d] no authority for the proposition that property of a non-party to an action may be attached on the bare assertion that this property in fact belongs to a party to the action." Quoting DS Bulk PTE Ltd. v. Calder Seacarrier Corp., No. 05 Civ. 10146 (SHS) 2006 U.S. Dist.

Lexis 39242 at *2 (S.D.N.Y. June 13, 2006)); DS Bulk PTE Ltd. v. Calder Seacarrier Corp., 2006 U.S. Dist Lexis 39242 (S.D.N.Y. June 13, 2006) (declining to issue order of attachment where carrier cited no authority for the proposition that property of a non-party to an action might have been attached on the bare assertion that the property in fact belonged to a party to the action); T&O Shipping, Ltd. v. Source Link Co., 2006 U.S. Dist. Lexis 88153 (S.D.N.Y. 2006). Not only does Farbenblum's Affidavit, like the rest of Plaintiff's moving papers, fail to allege any of the elements required to pierce the corporate veil (or to allege that NGF owes any debt to Defendants that is past due or collectible on demand), it is simply wrong that NGF is an affiliate of Kim and Kim's Provisions and that Kim and Kim's Provisions have "utilized" NGF's bank account. Har Decl. Ex. 4-A; cf. Farbenblum Aff. ¶ 24. Plaintiff provides no evidence to support its allegation, nor could it. NGF is not an affiliate, related entity, subsidiary, or alter ego of Kim's Provisions. Kim's Provisions does not use NGF's bank account. The attachment of NGF's bank account was ordered without the requisite legal and factual support and should be vacated immediately.

II. In Violation of CPLR 6210 et seq., not Only has Plaintiff Wrongfully Attached NGF Warner's Bank Account, but the Wrongfully Attached Funds Have Been Transferred from the Bank Account of NGF to the Bank Account of Kim's Provisions, in Violation of the Order of Attachment.

Compounding NGF's injury, Signature Bank apparently ignored the freeze on accounts and transferred $120,000 to an account held by one of the Kim Entities – in fact NGF's debtor. In addition to violating the order freezing certain bank accounts, Signature Bank failed to seek any authorization or even notify NGF that it had taken money out of NGF's account. There is no authority for Signature Bank's action, and the Court should immediately order that NGF's money be returned to it.

III.  NGF has Suffered Loss of Business and Business Reputation and Been Forced to Incur Significant Legal Fees as a Result of the Wrongful Attachment of Its Bank Account

NGF has now suffered triply as a result of Kim's Provisions apparent financial problems and ultimate bankruptcy and is entitled to damages pursuant to CPLR 6212(e):

First, NGF is already a creditor of Kim's Provisions, owed hundreds of thousands of dollars by Kim's provisions.

Second, NGF's account was wrongfully frozen based on an incorrect and unsubstantiated affirmation submitted Plaintiff. NGF received no notice of the attachment – nor was it ever served with a complaint. Indeed, it is not a defendant, and is also not an alter ego, affiliate, subsidiary, or related company of Defendants or any Kim Entity.

Finally, NGF has suffered significant harm as a result of this wrongful attachment. The consequences of the blow to its reputation after issuing checks – with no notice of the activity in its account by Signature Bank in response to the order of attachment – which were not fulfilled by Signature Bank are already being felt. Not only has its account been frozen, but, now, that account has been mostly drained by Signature Bank and given – incomprehensibly – to NGF's debtor Kim's Provision – all based on the wrongful, incorrect, and unsubstantiated "observations" noted in the Affidavit of Edward Farbenblum submitted in support of Plaintiff's Order of Attachment. NGF has business has been interrupted and it is suffering damages and losses on a daily basis. Additionally, facing a frozen – and emptied – bank account and an order of attachment based on an incorrect and unsupported assertions, NGF has been forced to obtain legal representation in order to contest this wrongful attachment.

11

CONCLUSION

For the foregoing reasons, NGF respectfully requests that the Court vacate or modify the Order of Attachment; order that NGF's assets be returned to its bank account; award damages based on the loss of business opportunities and reputational harm and the legal fees incurred in connection with this matter; and any other relief this Court deems appropriate.

Dated: New York, New York
      May 15, 2012

Respectfully Submitted,

Duane Morris LLP

By: _____

T. Steven Har
Kathrine A. Gehring
1540 Broadway
New York, New York 10036-4086
Phone: (212) 692-1000